# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| KYJUANE CHATMAN, | |
| Plaintiff, | |
| v. | CASE NO. 4:10-CV-137 (CDL) |
| | 42 U.S.C. § 1983 |
| JOHN DARR, PAM BROWN, and ALLEN HUMPHREY, | |
| Defendants. | |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff Chatman, presently an inmate at the Dooly State Prison in Columbus, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is presently pending before the Court. (ECF No. 2.) For the reasons discussed below, Plaintiff's motion to proceed IFP is granted. However, the Court recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff Chatman is serving a life sentence for October 28, 2004, convictions of rape, aggravated sodomy, aggravated child molestation, kidnaping and false imprisonment. (Compl. 1, ECF No. 1.) Plaintiff filed this § 1983 action on December 13, 2010, seeking a declaratory judgment following what he claims was a wrongful arrest on January 22, 2004. (*Id.* at 6.) Specifically, Plaintiff contends that the Defendants falsely arrested him for the

crimes of which he now stands convicted and falsely imprisoned and kidnaped him when he was transported to the Muscogee County Jail following the arrest. (*Id.*)

## DISCUSSION

I. **Plaintiff's Motion to Proceed IFP**

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act (PLRA), the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

II. **Preliminary Review of Plaintiff's Complaint**

A. <u>Standard for Preliminary Review</u>

Plaintiff's Complaint is before this court for initial screening pursuant to the

provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]" *Id.*

    B.    <u>Plaintiff's Complaint Should be Dismissed</u>

        1.    *Plaintiff's Claims*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[1] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom,

---

[1] In his prayer for relief, Plaintiff asks this Court to issue a declaratory judgment finding that the Defendants violated the United States Constitution and Georgia State Law by their actions in investigating Plaintiff and arresting him between October 2003 and January 2004. (Compl. 8,6.) Declaratory judgment actions do not have their own statutes of limitations. *See, e.g., Luckenbach SS. Co. v. United States*, 312 f.2d 545, 548 (2d Cir. 1963) ("limitations statutes do not apply to declaratory judgments"). "Rather, because declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated, it is instead the substance of the right sued upon that governs the applicable limitations period. *Rosenbaum v. Becker & Poliakoff, P.A.*, No. 08-81004-CIV, 2010 WL 376309, at *8 (S.D. Fla. Jan. 26, 2010) (internal quotation marks and citation omitted).

> or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Plaintiff makes the following specific claims concerning the acts of Defendants between October 2003 and January 22, 2004: (1) that Plaintiff was arrested without probable cause in violation of the 4th Amendment; (2) that Plaintiff's arrest was "malicious[] and part of a negligent and improper investigation;" (3) that the Defendants kidnaped Plaintiff by arresting him in violation of O.C.G.A. § 16-5-40 and the 4th Amendment; and (4) that Defendants falsely imprisoned Plaintiff in violation of O.C.G.A. § 16-5-41 and the 4th Amendment. (Compl. 8.) Assuming, without finding, that these claims are viable under § 1983,[2] they nevertheless should be dismissed because they were asserted outside the statute

---

[2] The Court recognizes that some of these claims are not asserted under the proper Constitutional Amendment for pre-trial detainees, namely the Fourteenth Amendment, and are tort claims which are not actionable under section 1983. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law . . . . [For example,] false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official."). Additionally, to the extent that Plaintiff is attempting to assert a claim for malicious prosecution, that claim is not yet ripe because the criminal proceedings have not been terminated in Plaintiff's favor. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994). Thus, the Court lacks jurisdiction over any malicious prosecution claim and it should likewise be dismissed for

4

of limitations.

> 2. *Statute of limitations*

Although 42 U.S.C. § 1983 does not contain a statute of limitations, the Supreme Court has held that the state limitation period applicable to personal injury actions should be applied to all actions brought pursuant to 42 U.S.C. § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). For § 1983 actions arising out of events which occurred in Georgia, the statute of limitations is two years. *Hafez v. Madison*, 348 F. App'x 465, 467 (11th Cir. 2009). A statute of limitations begins to run when a cause of action accrues—in other words, "when the fact which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* (internal quotation marks and citations omitted). For claims for false arrest or false imprisonment, which the Court is liberally construing Plaintiff's claims as being, the claim accrues when the Plaintiff is held pursuant to legal process—"when, for example, [the Plaintiff] is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389, *see also id.* at 387-92 (discussing generally accrual of unlawful arrest and false imprisonment claims under § 1983).

Plaintiff Chatman alleges that the acts in question occurred "between October 10, 2003 and January 22, 2004." (Compl. 6.) From this general time line, it is unclear when Plaintiff's causes of action accrued because it is unclear when he was first brought before a magistrate or arraigned. However, Plaintiff states that he was convicted on October 29, 2004. (Compl. 1.) Plaintiff was given legal process sufficient to start the running of the statute of limitations by at least his conviction date. Thus, the two year period for the statute

---

failure to state a claim.

5

of limitations began to run, at the latest, on October 29, 2004, and ended on October 30, 2006. Plaintiff filed his complaint on December 21, 2010, well over four years after the statute of limitations expired. Plaintiff's complaint is therefore barred by the applicable statute of limitations. The liberal construction that is granted *pro se* litigants in filing complaints does not mean that they are allowed lack of compliance with deadlines that are imposed by law. *See Moulds v. Bullard*, 345 F. App'x 387, 390 (11th Cir. 2009) ("Liberal construction does not mean liberal deadlines.") (internal quotation marks and citation omitted).

WHEREFORE, IT IS HEREBY **RECOMMENDED** that the current Complaint be **DISMISSED** under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

So **RECOMMENDED**, this 3rd day of January, 2011

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE